STORY, respondent, *v.* MACLAY ET AL., appellants.

EVIDENCE — *Expert.*— Before a witness is allowed to draw and exhibit to a jury a map of a country to illustrate his testimony as to the reasonable and probable cost of transporting merchandise through the same, it should appear that he had some knowledge of the country and some means of knowing the cost of such transportation.

*Story* v. *Maclay,* 3 Mont. 480, reaffirmed.

REHEARING of the case reported in 3 Mont. 480. Appealed from first district, Gallatin county.

SANDERS & CULLEN, for appellant.

E. W. & J. K. TOOLE, for respondent.

Three propositions are discussed in the opinion in this case, in 3 Montana, p. 480, which will be considered in their order.

1. The transcript shows that the appellants objected to the testimony of the respondent, on the ground that it was incompetent. No objection was made in the court below to the competency of Story as a witness, and the same is deemed waived. Under the issues the testimony of respondent was competent. A party must lay his finger on the point of his objection to the admission or exclusion of evidence. Questions relating to the competency of a witness are entirely distinct from those respecting the competency of evidence. If Story was incompetent, the appellants were required to make this objection, so that respondent could have an opportunity to remove it and render himself competent. *Waters* v. *Gilbert,* 2 Cush. 27; *Kiler* v. *Kimbal,* 10 Cal. 267; *Martin* v. *Travers,* 12 Cal. 243; *Bliss* v. *Ellsworth,* 36 Cal. 310; *Satterlee* v. *Bliss,* id. 489, 507; *Hoxie* v. *Allen,* 38 N. Y. 175; 1 Greenl. on Ev. sec. 421; *Camden* v. *Doremus,* 3 How. (U. S.) 515, 530; *Hastings* v. *Cunningham,* 35 Cal. 549, 552; Transcript, p. 13; *Belk* v. *Meagher,* U. S. (not reported).

2. The map referred to in the opinion is not contained in the transcript, and this court cannot decide the questions concerning its correctness or its effect upon the jury. The map was used for a proper purpose, to explain the testimony of the witness in showing the route over which respondent's train carried appellants' goods, and thereby prove the reasonable value of respondent's services. The map was not introduced in evidence, and the witness was simply permitted to "explain and show the same to the jury." Transcript, p. 14. The explanations do not appear in the transcript, and appellants do not point out affirmatively any error herein. It was as competent for Story to show said route by his own map as it is for a witness in a lode case to make plats to illustrate his testimony. The presumption is that this was the sole use of the map by Story, and the transcript does not rebut this presumption. Every presumption is in favor of the ruling of the court below, unless it is shown to have been erroneous. The attention of this court was not called to this matter, and it proceeded upon the assumption that the map was introduced in evidence, and thereby error was committed. *Story* v. *Maclay*, 3 Mont. 484.

The said map was not received in evidence, and never was before the jury, and the rule announced in said opinion is inapplicable.

But if the court below erred in its action concerning this map, the appellants were not injured thereby. Forts Peck and Belknap and the Crow Agency have been established under the laws and treaties of the United States, and the court below takes judicial notice thereof. Courts take notice of the rivers, mountains, and leading geographical features of the land, and the distance between two places by the ordinary route of travel. 1 Greenl. on Ev. sec. 6, and cases cited; Wharton on Ev. secs. 335, 339, and cases cited; *Hipot* v. *Cochran*, 13 Ind. 175; *Mossman* v. *Forest*, 27 Ind. 233; *Peyroux* v. *Howard*, 7 Pet. 324; *Brown* v. *Piper*, 91 U. S. 37.

In the last case Mr. Justice Swayne said: "Courts will take notice of whatever is generally known within the limits of their jurisdiction; and, if the judge's memory is at fault, he may refresh it by resorting to any means for that purpose which he may deem safe and proper." The judge of the court below had the right to refresh his memory by resorting to said map. The appellants do not complain that said map was incorrect, and that the jury were misled by it. Said map, in showing anything except the said route, would be immaterial and irrelevant evidence, and could not affect the issues in the case.

3. Respondent claims respectfully that this court overlooked one fact in passing upon the alleged counterclaim of appellants. The pleadings of both parties deny that either ever carried freight for the other under any promise to pay. The respondent alleges an implied promise under common counts by appellants to pay him the reasonable value of the freighting for appellants, but denies any promise to pay appellants for the freighting done by them. Respondent does not deny the reasonable value of the freighting by appellants. Appellants collected the pay for the transportation of goods over both routes. The court below instructed the jury that this counterclaim as to its amount was admitted, but upon the condition that appellants show an implied or express promise to pay it. This counterclaim is based upon the alleged liability of respondent to pay for the labor done. It devolved upon the appellants to show that there was an express or implied contract by which respondent was required to pay for the work or labor done. This was the only issue in the case. Transcript, pp. 11, 12, and instructions of court.

The jury must have found that respondent's work was done under circumstances from which a promise on the part of appellants to pay therefor might be implied, while that of the appellants was not so done. No question is made, or could be made, upon the sufficiency of the evi-

dence to support the verdict upon this issue, which is the only one arising under the pleadings and instructions. The appellants show by the transcript that they received pay for their freight, and thereby prove that no injury was done them. It appears that the value of said work was $1,130.40; that appellants performed the same; that the jury were so instructed; but that the jury found against appellants, and that there was neither an express or implied contract for its performance or promise to pay therefor. The appellants, in their instructions, treated this as the sole issue. There was no motion for a new trial by appellants on the ground that the verdict was against the evidence, and the judgment should be affirmed.

WADE, C. J. This cause was heard at the August term, 1880, and is reported in 3 Mont. 480. We see no reason for disturbing the decision then rendered.

A witness may draw a map or plat to illustrate his testimony, but before doing so it ought to appear that he has some knowledge of what he is doing. A total stranger to a mine, a house or tract of ground would not be permitted to draw a plat of the same from mere hearsay, and exhibit the same to a jury to explain or illustrate his testimony. And all that the former decision decides in this regard is that a witness who attempts to draw a map of a country three or four hundred miles square, in order to show what it is worth to transport a certain number of pounds of merchandise through such country, and the reasonable and probable cost thereof, should at least have some knowledge of such country, and some means of knowing the probable cost of such transportation.

There is no question but the judgment is too large by about $1,300, and we think the cause ought to be retried.

Judgment of reversal affirmed, and cause remanded for a new trial.

*Former judgment affirmed.*